UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES WARD,
      Plaintiff,

v.                                   C.A. No. 09-357-ML

MARY LOTUFF and J. RICHARD
RATCLIFFE,
      Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Ratcliffe's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted.  For the reasons set forth below, Defendant Ratcliffe's  Motion to Dismiss is GRANTED.

### I.  Facts and Procedural History

On August 5, 2008, James Ward ("Plaintiff") filed a multi-count complaint in the Providence County Superior Court against Mary and Richard Lotuff.  The complaint alleged, among other things, several landlord-tenant claims, fraud, misrepresentation, abuse of process and intentional infliction of emotional distress.   The Lotuffs engaged Attorney J. Richard Ratcliffe ("Defendant") to represent them in the Superior Court action.

After Defendant entered his appearance on behalf of the Lotuffs, Plaintiff mailed to Defendant a copy of a motion to amend the Complaint.  Plaintiff requested Defendant's assent to the proposed amendment.  On October 15, 2008, Defendant sent Plaintiff a letter (the "Letter"), stating that the Lotuffs "declined to agree to [Plaintiff's] proposed amendment." Def.  Exhibit A. In the Letter, Defendant told Plaintiff to consider retracting certain allegations or he "may expect further action from us on behalf of Ms. Lotuff, which action may include a motion for Rule 11

1

sanctions." Compl., ¶ 109.  Undeterred, Plaintiff filed his motion to amend with the proposed

amended complaint.  The motion to amend was granted by the Rhode Island Superior Court.

The Lotuffs then filed a motion to dismiss the amended complaint.  The motion to

dismiss was granted under R.I. Super. Ct. R. Civ. P. 12(b)(6) as to six counts of the amended

complaint.[1]  Plaintiff has now filed this Complaint in this Court alleging, among other things,

several land-lord tenant claims against Mary Lotuff.[2]   Plaintiff has also named Defendant

Radcliffe as a defendant in Count VIII (Abuse of Process), Count IX (Intentional Infliction of

Emotional Distress), Count X (Negligent Infliction of Emotional Distress) and Count XI

(Punitive Damages).

## II.  Standard of Review

Defendant Radcliffe has moved to dismiss all counts against him pursuant to Fed. R. Civ.

P. 12(b)(6), for failure to state a claim upon which relief can be granted.  To survive a motion to

dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court "accept[s] as true all well-pleaded

facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff[]." Gargano

v. Liberty Int'l Underwriters, 572 F.3d 45, 48 (1st Cir. 2009) (citing Fitzgerald v. Harris, 549

F.3d 46, 52 (1st Cir. 2008)).

---

[1] The court acknowledges that there were at least three remaining claims in state court prior to Plaintiff filing this Complaint.  The parties have not informed the Court of the status of the remaining state claims. Regardless, Defendant was not a party in the state court action.  Therefore, the status of those remaining state claims is not relevant to the motion presently before the Court.

[2] While Richard Lotuff appeared to be a named defendant in the state court action, he is not a named Defendant in the federal Complaint.

The plaintiff must allege facts supporting "each material element necessary to sustain recovery under some actionable legal theory." Campagna v. Mass. Dep't of Envtl. Prot., 334 F.3d 150, 155 (1st Cir. 2003) (internal quotations omitted). While well-pleaded facts are accepted as true, "unsupported conclusions or interpretations of law" are rejected. Dixon v. Shamrock Fin. Corp., 522 F.3d 76, 79 (1st Cir. 2008) (citing Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993)).[3]

This Court is mindful that Plaintiff is proceeding *pro se*; therefore, his pleadings are accorded a more generous reading.

### III. Analysis

#### Count VIII: Abuse of Process

Under Rhode Island law, abuse of process "arises when a legal proceeding, although set in motion in proper form, becomes perverted to accomplish an ulterior or wrongful purpose for which it was not designed." Hillside Assocs. v. Stravato, 642 A.2d 664, 667 (R.I. 1994) (citing Brough v. Foley, 572 A.2d 63, 67 (R.I. 1990). An abuse of process claim must demonstrate two elements – "(1) that the defendant instituted proceedings or process against the plaintiff and (2) the defendant used these proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish." Palazzo v. Alves, 944 A.2d 144, 154 (R.I. 2008) (quoting

---

[3] While Plaintiff refers to the October 15, 2008 letter (the "Letter" from Defendant Ratcliffe throughout the Complaint, the Letter was not attached to the Complaint, nor was it incorporated by reference. The Court need not rely on the Letter in its consideration of Defendant Ratcliffe's motion because key portions of the Letter are referenced within Plaintiff's Complaint. Even if this Court did so rely, Defendant Ratcliffe's motion would not automatically be transformed into a motion for summary judgment under Rule 56(c). This Court may properly consider "the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment." Clorox Co. v. Proctor & Gamble Commer Co., 228 F.3d 24, 32 (1st Cir. 2000) (internal quotations and citations omitted). The October 15, 2008 Letter is the primary basis of Count VIII, Count IX, Count X and Count XI, and would therefore qualify as 'integral' to the Complaint.

Butera v. Boucher, 798 A.2d 340, 353 (R.I. 2002)).

The Rhode Island Supreme Court has defined 'judicial proceeding' within its "ordinary and customary meaning" to include "any proceeding wherein judicial action is invoked and taken." Hillside Assocs., 642 A.2d at 668 (citing Roberts v. City of Cranston Zoning Board of Review, 448 A.2d 779, 781 (R.I. 1982)).  While a formal hearing before an administrative body may constitute a legal proceeding, Id. at 669, the mere sending of a letter cannot be construed to satisfy the 'judicial proceeding' requirement.

In Count VIII, Plaintiff contends that "Defendant Ratcliffe, on behalf of Defendant Lotuff, mailed a threatening letter to Plaintiff with the ulterior and wrongful purpose of using the threat to intimidate Plaintiff into withdrawing certain allegations which substantiate the basis for [the] punitive damages claim[]." Compl., ¶ 107.  Plaintiff further alleges that Defendant "recklessly and maliciously made the threats against Plaintiff without having fully investigated the allegations of Plaintiff" and specifically threatened that if Plaintiff did not "retract certain allegations within 21 days," Plaintiff "may expect further action ... includ[ing] a motion for Rule 11 sanctions." Id. at  ¶¶ 108, 109.

Even accepting as true all well-pleaded facts in the Complaint, the Complaint is devoid of any reference to a legal proceeding or process instituted by Defendant.  While the Complaint references the alleged threatening letter, the sending of the Letter is clearly not tantamount to instituting a legal proceeding.  Because the Complaint fails to allege plausible facts supporting the material elements of Abuse of Process, Defendant Ratcliffe's Motion to Dismiss Count VIII is granted.

4

***Count IX : Intentional Infliction of Emotional Distress***

Under Rhode Island law, to recover for Intentional Infliction of Emotion Distress, a plaintiff must prove, among other things, that "(1) the defendant acted with intent to cause emotional distress or with reckless disregard as to whether emotional distress would result and (2) the defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Gail v. New Eng. Gas Co., 460 F. Supp.2d 314, 326 (D.R.I. 2006) (quoting Swerdlick v. Koch, 721 A.2d 849, 863 (R.I. 1998) (quoting Restatement (Second) of Torts § 46 cmt. d, at 73)).  Additionally, a plaintiff must establish both a "causal connection" between the defendant's conduct and the resulting emotional distress, and physical symptoms "manifesting the distress." Id. at 326 (citing Marchetti v. Parsons, 638 A.2d 1047, 1052 (R.I. 1994)).

This Court need not address the Complaint's unsupported conclusory assertions of emotional and physical ailments, because the Complaint does not satisfy the second element of the Intentional Infliction of Emotional Distress claim.  Count IX can be dismissed based on the finding that the Letter, as a matter of law, does not constitute 'outrageous' conduct.  See Gail, 460 F. Supp.2d at 326.  Defendant merely sent a letter warning the Plaintiff to conduct a more thorough investigation into the allegations made against the Lotuffs, or he could expect further action to be taken by the Lotuffs, including a motion for Rule 11 sanctions. Compl.,¶¶ 108, 109. The Letter is far from the outrageous conduct required for a plausible Intentional Infliction of Emotional Distress claim.  Defendant Ratcliffe's Motion to Dismiss Count IX for Intentional Infliction of Emotional Distress is, therefore, granted.

***Count X: Negligent Infliction of Emotional Distress***

To recover under a theory of Negligent Infliction of Emotional Distress under Rhode Island law, plaintiffs must either (1) be within the zone of danger of those who are "physically endangered by the acts of a negligent defendant" or (2) be bystanders who are "related to a victim whom they witness being injured." <u>Perrotti v. Gonicberg</u>, 877 A.2d 631, 636 (R.I. 2005) (citing <u>Jalowy v. Friendly Home, Inc.</u>, 818 A.2d 698, 710 (R.I. 2003) (internal citations omitted)). Additionally, plaintiffs must, as a result of the defendant's negligent act, suffer from "serious emotional injury that is accompanied by physical symptomatology." <u>Perotti</u>, 877 A.2d at 637 (citing <u>Marchetti</u>, 638 A.2d at 1052).

Negligent Infliction of Emotional Distress is a limited cause of action that is not designed to reach situations where an attorney merely sends a letter on behalf of his client.   To satisfy the 'physical endangerment' element of a Negligent Infliction of Emotional Distress claim, Plaintiff must fit into one of the "two groups of plaintiffs [who] are able [] to seek recovery under a theory of negligent infliction of emotional distress" - those within the zone of danger who are physically endangered, and those who, as bystanders, witness a relative be injured. <u>Id.</u> at 636. Plaintiff clearly does not qualify as either limited category of plaintiffs.   Therefore, Defendant's Motion to Dismiss Count X for Negligent Infliction of Emotional Distress is granted.

***Count XI: Punitive Damages***

Plaintiff's claim to punitive damages against Defendant Ratcliffe is premised upon Count VIII, Count IX, and Count X.   In light of the fact that all three underlying counts against Defendant are dismissed, Count XI for Punitive Damages must also be dismissed.

## IV.  Conclusion

For the reasons set forth above, Defendant Ratcliffe's Motion to Dismiss Count VIII,

Count IX, Count X, and Count XI is GRANTED.


SO ORDERED.

Mary M. Lisi
Chief United States District Judge
November 2, 2009